Aaron W. Baker, OSB #92222
650 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon 97204
Telephone: 503/ 234-8800
Facsimile: 503/ 525-0650
awblaw@earthlink.net

Attorney for Plaintiff

IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JOVANI A. GIRALDO FERNANDEZ**, <br><br> Plaintiff, <br><br> v. <br><br> **PAPA RESTAURANT MANAGEMENT, LLC doing business as MCDONALDS,** <br><br> Defendant | Case No. 3:14-cv-427 <br><br> COMPLAINT <br><br> (42 U.S.C. §1981; Title VII; Wrongful Discharge) <br><br> **DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages and attorney's fees to redress injuries done to him by Defendant or officers, employees or agents of said Defendant in violation of his federally protected rights in violation of 42 U.S.C. §1981, Civil Rights Act of 1964; Title VII; 42 U.S.C. § 2000e-5, and his state protected rights in violation of Oregon common law.

Page 1 - COMPLAINT

## Jurisdictional Allegations

2.

The court has jurisdiction over plaintiff's federal claims pursuant to 42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over plaintiff's state claim pursuant to 42 U.S.C. § 1367 as the state claim arises from the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

4.

Plaintiff filed timely claims with the Equal Employment Opportunity Commission raising the issues alleged herein.

## General Factual Allegations

5.

Defendant PAPA RESTAURANT MANAGEMENT, LLC was and is at all times herein an Oregon limited liability company and is and was at all times herein mentioned doing business as McDonald's in Portland, Oregon.

6.

Plaintiff, a male of Hispanic descent, whose national origin is Columbian, was employed by Defendant from on or about June 2012 until on or about January 18, 2013 at which time his employment was terminated.

Page 2 - COMPLAINT

7.

At all material times herein, plaintiff was supervised by Defendant's employees or agents and plaintiff relied on the actual or apparent authority of employees, supervisors and management for both defendants.

8.

Plaintiff complained to Defendant on or about January 17, 2013. Plaintiff's complaints to defendant included, but was not limited to, race and national origin discrimination and harassment.  Defendant retaliated and discriminated against plaintiff due to his complaints.

## First Claim For Relief

### Title VII – Race/National Origin Discrimination/Harassment

9.

Plaintiff realleges paragraphs 1 through 8.

10.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to, race and/or national origin discrimination and harassment, including but not limited to making offensive comments to Plaintiff; not providing him with more work hours; and by terminating him.

11.

Defendant's conduct was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create a hostile work environment.  Defendant knew or should have known of the abusive work environment and failed to take prompt remedial action.

12.

Defendant discriminated against Plaintiff in the terms and conditions of his employment, including but not limited to his termination, on the basis of his race and/or national origin in violation of Title VII.

13.

As a result of Defendant's unlawful discrimination, Plaintiff has incurred and continues to incur economic damages, including lost wages, in an amount to be proven at trial.

14.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his non-pecuniary loss in an amount to be determined at trial.

15.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages pursuant to 42 USC §1981(b)(1) in an amount to be determined at trial.

16.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 USC §1988 and Title VII.

## Second Claim For Relief
## 42 U.S.C. §1981 – Race Discrimination/Harassment

17.

Plaintiff realleges paragraphs 1 through 16.

18.

Defendant's creation of, and/or failure to prevent, the racial discrimination and hostile work environment for Plaintiff constitutes unlawful racial harassment in violation of 42 U.S.C. §1981.

19.

As a result of the discrimination and harassment by Defendant, Plaintiff has incurred lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

20.

As a direct and proximate result of Defendant's conduct and inaction plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his nonpecuniary loss in an amount to be determined at trial.

21.

Defendants' conduct and inaction was willful, malicious and/or done with reckless indifference to plaintiff's federally protected rights.  Defendants should be assessed punitive damages in an amount to be determined at trial.

22.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 U.S.C.  §1988.

### Third Claim For Relief

### Title VII – Retaliation

23.

Plaintiff realleges paragraphs 1 through 22.

24.

Defendant discriminated against Plaintiff in the terms and conditions of his employment, including terminating Plaintiff, due to Plaintiff's good faith reporting and/or opposition to employment practices that violated Title VII.

25.

As a result of Defendant's unlawful retaliation, Plaintiff has incurred and continues to incur economic damages, including lost wages, in an amount to be proven at trial.

26.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to him non-pecuniary loss in an amount to be determined at trial.

27.

Defendant's conduct was willful, malicious and/or done with reckless indifference to Plaintiff's federally protected rights.  Defendant should be assessed punitive damages pursuant to 42 USC §1981(b)(1) in an amount to be determined at trial.

28.

Defendant's conduct was part of a pattern and practice of discrimination against those who reported and/or opposed employment practices that violated Title VII.  The Court should enter a permanent injunction prohibiting such conduct in the future.

29.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 USC §1988 and Title VII.

## Fourth Claim For Relief
### 42 U.S.C. §1981 – Retaliation

30.

Plaintiff realleges paragraphs 1 through 29.

31.

Defendants discriminated against plaintiff in the terms and conditions of his employment in substantial motivating part due to plaintiff's good faith opposition to unlawful employment practices which violated 42 U.S.C. §1981.

32.

Defendants' decisions regarding plaintiff's employment were motivated in substantial part due to his opposition to unlawful employment practices which violated 42 U.S.C. §1981.

33.

As a result of the discrimination and harassment by Defendant, Plaintiff has incurred lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

34.

As a direct and proximate result of Defendant's conduct and inaction plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his nonpecuniary loss in an amount to be determined at trial.

35.

Defendants' conduct and inaction was willful, malicious and/or done with reckless indifference to plaintiff's federally protected rights. Defendants should be assessed punitive damages in an amount to be determined at trial.

36.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 42 U.S.C. §1988.

**Fifth Claim For Relief**

**(Wrongful Discharge in Violation of Public Policy)**

37.

Plaintiff realleges paragraphs 1 through 36 above as fully set forth herein.

38.

At all materials times, the public policy of Oregon prohibited an employer from retaliating against an employee for opposing and/or reporting in good faith what Plaintiff believed to be illegal conduct, as well as evidence of violations of federal and/or state laws, rules, or regulations.

39.

This public policy is embodied in the common law, statutes, and regulations of the State of Oregon and the United States including.

40.

Defendant, acting through its agents and/or employees, violated the public policies by retaliating against Plaintiff for opposing and/or making good faith complaints about unlawful conduct.

41.

Defendant's discharge of Plaintiff was taken in retaliation for Plaintiff's pursuit and exercise of Plaintiff's rights, which are of important public interest.

42.

As a result of the discrimination and harassment by Defendant, Plaintiff has incurred lost wages and benefits in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

43.

As a direct and proximate result of Defendant's conduct and inaction plaintiff has suffered and will continue to suffer mental stress, humiliation, inconvenience and loss of enjoyment of life all to his nonpecuniary loss in an amount to be determined at trial.

44.

Defendants' conduct and inaction was willful, malicious and/or done with reckless indifference to plaintiff's federally protected rights.  Defendants should be assessed punitive damages in an amount to be determined at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For permanent injunctive relief enjoining Defendant, their officers, employees and agents from engaging in any discrimination or harassment based on race or national origin or for retaliating against any employee opposing unlawful employment practices;
2. Economic damages and future losses to be determined at trial;
3. Non-economic damages to be determined at trial;
4. Punitive damages in an amount to be determined at trial;
5. Reasonable costs and attorney fees;
6. For such other and further relief as the Court may deem just and equitable.

DATED this 15th day of March, 2014.

*/s/ Aaron W. Baker*

Aaron W. Baker, OSB No. 922220
Attorney for Plaintiff